

## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

January 15, 2004

The Honorable Florence Shapiro
Chair, Education Committee
Texas State Senate
P.O. Box 12068
Austin, Texas 78711-2068

Opinion No. GA-0137

Re: Whether House Bill 3534 invalidates or prohibits sales tax rebate contracts between a municipality and certain businesses (RQ-0085-GA)

Dear Senator Shapiro:

You ask generally how House Bill 3534,[1] which amended sections 321.002(a)(3) and 321.203 of the Tax Code, affects a municipality's contract to rebate sales taxes to a business that utilizes what you describe as a "sales tax billing office."[2] *See* TEX. TAX CODE ANN. §§ 321.002(a)(3), 321.203(*l*) (Vernon Supp. 2004).

The Tax Code permits a municipality, with voter approval, to adopt a municipal sales and use tax for retail sales that occur in the municipality. *See id.* § 321.101(a)-(b) (Vernon 2002). The state comptroller administers, collects, and enforces the tax. *See id.* § 321.301. A sale occurs as a taxable event "within the municipality in which the sale is consummated." *Id.* § 321.203(a) (Vernon Supp. 2004). "A sale is consummated as provided by this section regardless of the place where transfer of title or possession occurs." *Id.* Section 321.203 further refines where a sale is consummated under different circumstances. *Id.* § 321.203(b)-(*l*).

As a general rule, a sale is consummated at a retailer's place of business. *See id.* Chapter 321 of the Tax Code defines a "[p]lace of business of the retailer" generally as "an established outlet, office, or location operated by the retailer or the retailer's agent or employee for the purpose of receiving orders for taxable items and includes any location at which three or more orders are received by the retailer during a calendar year." *Id.* § 321.002(a)(3).

The Local Government Code authorizes municipalities to refund or rebate municipal sales taxes and otherwise expend public funds for certain economic development purposes. *See, e.g.,* TEX. LOC. GOV'T CODE ANN. §§ 378.004(2) (Vernon Supp. 2004) (refunds for neighborhood

---

[1]*See* Act of May 30, 2003, 78th Leg., R.S., ch. 1155, §§ 1-3, 2003 Tex. Gen. Laws 3255, 3255.

[2]Letter from Honorable Florence Shapiro, Chair, Education Committee, Texas State Senate, to Office of Attorney General, at 1 (July 17, 2003) (on file with Opinion Committee) [hereinafter Request Letter].

empowerment zones); 380.002(b) (economic development grants). Some cities have exercised this authority by contractually granting a tax rebate to businesses they wish to attract or retain.[3] Under the law existing prior to the passage of House Bill 3534, a business could obtain the benefit of the municipality's sales tax rebates without necessarily having a major physical presence in the municipality. The senate bill analysis to House Bill 3534 explained:

> Currently, state law permits the point of collection for sales tax to be at a billing office, which may be different from the point of sale or of merchandise delivery or shipping. Recently, some cities have been promoting the establishment of what has been called a sales tax billing office. Under this arrangement, companies contract with the billing office to re-invoice sales by electronically sending billing instructions to an invoicing office staffed with computers and one or more billing clerks who repackage invoices from the new billing office which is shown as the new point of sale and in this way possibly avoid a higher municipal sales tax than that of the physical point of sale.

SENATE RESEARCH CTR., BILL ANALYSIS, Tex. H.B. 3534, 78th Leg., R.S. (2003).

To address this situation, House Bill 3534 created an exclusion in the Tax Code's definition of a "place of business of the retailer" in section 321.002(a)(3) by adding the following language:

> An outlet, office, facility, or location that contracts with a retail or commercial business engaged in activities to which this chapter applies to process for that business invoices or bills of lading onto which sales tax is added is not a "place of business of the retailer" if the comptroller determines that the outlet, office, facility, or location functions or exists to avoid the tax imposed by this chapter or to rebate a portion of the tax imposed by this chapter to the contracting business.

TEX. TAX CODE ANN. § 321.002(a)(3) (Vernon Supp. 2004). House Bill 3534 also added the following proviso concerning the situs of a consummated sale in section 321.203:

---

[3]The fiscal note to House Bill 3534 explained:

> Under current law, cities may rebate local sales taxes to businesses under the provisions of Chapter 378 and 380 of the Local Government Code. Some cities have used this authority to enter into contracts with businesses for sales tax rebates in order to attract or retain them to their respective city.

FISCAL NOTE, Tex. H.B. 3534, 78th Leg., R.S. (2003).

> If there is no place of business of the retailer because the comptroller determines that an outlet, office, facility, or location contracts with a retail or commercial business to process for that business invoices or bills of lading and that the outlet, office, facility, or location functions or exists to avoid the tax imposed by this chapter or to rebate a portion of the tax imposed by this chapter to the contracting business, a sale is consummated at the place of business of the retailer from whom the outlet, office, facility, or location purchased the taxable item for resale to the contracting business.

*Id.* § 321.203(*l*).

You refer us to a newspaper account of a city council that took "[q]uick action" to enter into a rebate contract with a business "to take advantage of a tax windfall before legislation prohibiting the law is signed by the governor." Robert Cadwallader, *Tax loophole will benefit Mansfield*, FORT WORTH STAR-TELEGRAM, June 21, 2003.[4]  The article reported that House Bill 3534 "would invalidate any arrangement that was not in effect by May 27.  And any such tax deals that are in effect by the time the law is signed by the governor can continue for two years." *Id.*

You ask how House Bill 3534 applies to rebate contracts between municipalities and businesses that utilize sales tax billing offices in light of the bill's effective dates:

> First, may . . . *any city* that has a company with a current presence in said city enact a contract over the next two years?

> Can *new* contracts be established between cities and corporations after May 27, 2003, or before being signed into law by the Governor and if so, what are the parameters for such an agreement?

> Lastly, if a longer than two-year contract between a city and corporation was established before May 27th, will the contract become void on September 1, 2005, or be allowed to continue until the expiration date?

Request Letter, *supra* note 2, at 2.

Section 3 of House Bill 3534 provides its effective dates:

> (a) This Act takes effect September 1, 2003, and applies only to a sale of a taxable item that occurs on or after that date. A sale of a taxable item that occurs before that date is governed by the law in

---

[4]Attachment to Request Letter, *supra* note 2.

effect on the date the item is sold, and that law is continued in effect for that purpose.

(b) Notwithstanding Subsection (a) of this section, the change in law made to Section 321.002(a)(3), Tax Code, by this Act, may not, before September 1, 2005, be applied to an outlet, office, facility, or location that was in existence on May 27, 2003.

Act of May 30, 2003, 78th Leg., R.S., ch. 1155, § 3(a)-(b), 2003 Tex. Gen. Laws 3255, 3255.

House Bill 3534 operates only to establish the tax situs of certain consummated sales and prescribe a schedule for its implementation. Under House Bill 3534, the comptroller may determine that an "outlet, office, facility, or location," does not qualify as a "place of business of the retailer." TEX. TAX CODE ANN. § 321.002(a)(3) (Vernon Supp. 2004). For an outlet, office, facility, or location in existence on May 27, 2003, House Bill 3534 does not apply until September 1, 2005, and until that date they are governed by the statutes as they read prior to amendment. For an outlet, office, facility, or location established after May 27, 2003, House Bill 3534 applies to all sales that occur on or after September 1, 2003. Consequently, after the applicable effective date, an "outlet, office, facility, or location" may no longer qualify as a "place of business" for tax purposes if the comptroller so determines, in which case there may not be significant sales taxes for the municipality to rebate.

House Bill 3534 does not make particular contracts void. *Compare with* TEX. NAT. RES. CODE ANN. § 161.227 (Vernon Supp. 2004) (providing that certain agreements are "expressly declared to be void"). Of course, it may make some contracts less attractive and may impact their enforceability. *Compare Centex Corp. v. Dalton*, 840 S.W.2d 952, 954 (Tex. 1992) (a change in the law may be the basis for discharging a contractual duty due to impossibility of performance), *with Huffines v. Swor Sand & Gravel Co., Inc.*, 750 S.W.2d 38, 40 (Tex. App.–Fort Worth 1988, no writ) (a change in the law that merely makes performance more burdensome or less profitable may not excuse performance). However, House Bill 3534 does not invalidate existing tax rebate contracts, nor does it prohibit municipalities from executing new ones.

## S U M M A R Y

House Bill 3534, which amended sections 321.002(a)(3) and 321.203 of the Tax Code, prevents certain outlets, offices, facilities, or locations from qualifying as a "place of business of the retailer" for municipal sales tax purposes. House Bill 3534 does not invalidate existing municipal sales tax rebate contracts nor prohibit municipalities and businesses from executing new contracts.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

William A. Hill
Assistant Attorney General, Opinion Committee